**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5082**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOYCE KAY GODWIN, a/k/a Joyce Kay Atkins,
a/k/a Brenda Kay Adkins, a/k/a Joyce Ann
Lowrance, a/k/a Joyce Ann Cox,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville. Lacy H. Thornburg,
District Judge. (1:05-cr-00211)

Submitted: July 20, 2007          Decided: August 9, 2007

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert,
United States Attorney, Thomas Cullen, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce Kay Godwin pled guilty to one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371 (2000), two counts of uttering counterfeit and forged securities and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 513 (2000), two counts of aggravated identity theft and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 1028(A) (West 2000 & Supp. 2007) and two counts of bank fraud and aiding and abetting such fraud, in violation of 18 U.S.C. §§ 2, 1344 (2000). On appeal, Godwin claims that the district court erred in sentencing her under the sentencing guidelines, that it did not make sufficient findings of fact with respect to sentencing factors, that it erred not considering whether to impose concurrent or consecutive sentences on the two aggravated identity theft convictions and that the district court erred not giving her the opportunity to allocute at sentencing. We find the district court plainly erred in not considering certain factors under the sentencing guidelines prior to ordering sentences consecutive to each other on the aggravated identity theft convictions. We further find the court plainly erred in not allowing Godwin to allocute. Accordingly, we affirm the convictions and vacate the sentence and remand for resentencing.

At sentencing, Godwin challenged enhancements for her role in the offense, the intended loss for which she was held

responsible and the number of victims. The district court cited its reliance on affidavits and information contained in the presentence investigation report and rejected Godwin's arguments. The court imposed a concurrent sentence within the advisory guidelines on most of the counts and imposed consecutive sentences on the aggravated identity theft convictions.

We find the district court did not err in determining the range of imprisonment under the sentencing guidelines and imposing a sentence within the guidelines. Merely because our review of a sentence is for reasonableness and we presume sentences within the guidelines are reasonable, does not mean that the guidelines are mandatory as opposed to advisory. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

We further find the district court made sufficient findings of fact prior to rejecting Godwin's challenge to the sentencing enhancements for her role in the offense and the amount of intended loss.

However, we find the district court plainly erred imposing consecutive sentences under the two aggravated identity theft conviction without consulting the guidelines. Under 18 U.S.C.A. § 1028A(b)(4) (West Supp. 2007), if a defendant has more than one conviction under § 1028A, the court may, in its discretion, run the sentences concurrently with each other, in

whole or in part.  The court's discretion is informed by the guidelines and policy statements.  The district court was required to refer to the commentary for <u>U.S. Sentencing Guidelines Manual</u> § 5G1.2 (2005) for guidance regarding the imposition of sentences under the two counts.  <u>See</u> USSG § 2B1.6, cmt. n.1.  Under USSG § 5G1.2, cmt. n.2(B), courts are instructed to consider the following non-exhaustive list of factors prior to imposing sentences on multiple aggravated identity theft convictions:

> (i)  The nature and seriousness of the underlying offenses. For example, the court should consider the appropriateness of imposing consecutive, or partially consecutive, terms of imprisonment for multiple counts of 18 U.S.C. § 1028A in a case in which an underlying offense for one of the 18 U.S.C. § 1028A offenses is a crime of violence or an offense enumerated in 18 U.S.C. § 2332b(g)(5)(B);

> (ii)  Whether the underlying offenses are groupable under § 3D1.2 (Groups of Closely Related Counts). Generally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under § 3D1.2;

> (iii) Whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. § 1028A.

Because it appears from the record that the district court did not consider these factors, we find plain error, vacate the sentence and remand for resentencing.

Godwin also claims the district court plainly erred in not giving her the opportunity to allocute prior to sentencing. Before imposing sentence, the district court shall address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence. See Fed. R. Crim. P. 32(i)(4)(A)(ii). In United States v. Cole, 27 F.3d 996 (4th Cir. 1994), we held that the denial of allocution constitutes plain error on direct appeal warranting a remand for resentencing, in those instances in which there is a possibility the defendant could receive a lower sentence. We noticed the error because "[w]hen a defendant was unable to address the court before being sentenced and the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, we are of the firm opinion that fairness and integrity of the court proceedings 250 would be brought into serious disrepute were we to allow the sentence to stand." Cole, 27 F.3d at 999; see also United States v. Muhammed, 478 F.3d 247 (4th Cir. 2007). Thus, we vacate the sentence and remand for resentencing to give Godwin the opportunity to allocute.

Accordingly, while we affirm the convictions, we vacate the sentence and remand for resentencing in order for the district court to consider the sentencing factors under USSG § 5G1.2, cmt. n.2(B), applying those factors to the two convictions for aggravated identity theft. We further remand for resentencing to

provide Godwin the opportunity to allocute.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED