**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4391

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOYCE KAY GODWIN, a/k/a Joyce Kay Atkins, a/k/a Brenda Kay Adkins, a/k/a Joyce Ann Lowrance, a/k/a Joyce Ann Cox,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:05-cr-00211-LHT-1)

Submitted: June 25, 2008          Decided: August 14, 2008

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce Kay Godwin appeals her sentence imposed after we vacated her sentence and remanded to the district court. Her counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but raising for the court's consideration whether the district court abused its discretion by imposing consecutive sentences on the aggravated identity theft convictions, Counts Eight and Nine. Counsel also contends Godwin believes some of the prior convictions attributed to her were actually committed by her sister. Godwin was notified of the opportunity to file a pro se supplemental brief, but declined to do so. The Government did not file a brief. Finding no meritorious issues, we affirm.

Godwin was convicted of one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371 (2000), two counts of uttering counterfeit and forged securities and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 513 (2000), two counts of aggravated identity theft and aiding and abetting such conduct, in violation of 18 U.S.C. § 2, 18 U.S.C.A. §§ 2, 1028A(a)(1) (West Supp. 2008), and two counts of bank fraud and aiding and abetting such fraud, in violation of 18 U.S.C. §§ 2, 1344 (2000). On appeal, we found the district court plainly erred by imposing consecutive twenty-four month sentences for the aggravated identity theft convictions without first

considering the commentary under U.S. Sentencing Guidelines Manual § 5G1.2, cmt. n.2(B) (2005). We also found there was plain error because Godwin did not get the opportunity to allocute prior to sentencing. While we affirmed the convictions, we vacated the sentence and remanded to the district court for resentencing. United States v. Godwin, No. 06-5082, 2007 WL 2298128 (4th Cir. Aug. 9, 2007) (unpublished).

At resentencing, the district court carefully considered the commentary under USSG § 5G1.2, cmt. n.2(B) prior to ordering consecutive sentences. We find no abuse of discretion. The court also gave Godwin an opportunity to allocute. Insofar as Godwin claims some of the convictions attributed to her were actually committed by her sister, the claim is not properly before this court as it could have been raised during her first appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Godwin's sentence. This court requires counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review. If she requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Godwin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>