**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William Jay COLE, Defendant–Appellant.**

No. 93–5021.

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1994.

Decided June 30, 1994.

**ARGUED:** William Michael Frazier, Frazier & Oxley, L.C., Huntington, WV, for appellant. William David Wilmoth, U.S. Atty., Wheeling, WV, for appellee. **ON BRIEF:** Thomas O. Mucklow, Asst. U.S. Atty., Wheeling, WV, for appellee.

Before HALL and LUTTIG, Circuit Judges, and BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge K.K. HALL wrote the majority opinion, in which District Judge BRINKEMA joined. Judge LUTTIG wrote a dissenting opinion.

## OPINION

K.K. HALL, Circuit Judge:

William Jay Cole appeals the 63–month sentence he received on a conviction for possession of crack cocaine with intent to deliver. We find error in the manner in which the sentencing hearing was conducted, and we vacate the sentence and remand for re-sentencing.

### I

In 1988, Cole sold a police informant 1.2 grams of crack for $300. The informant testified at trial that he had purchased crack from Cole on four or five other occasions in 1988. During the controlled buy, which was tape-recorded, Cole and the informant discussed a $1,200 drug debt owed by the informant to Cole for prior drug purchases. Cole did not testify. He was convicted of the single charge.

At the sentencing stage, the government put on evidence that $1,200 would have been enough to buy about 4.8 grams of crack. In the presentence report, the probation officer recommended that Cole be held accountable for 6 grams—the estimated 4.8 grams, plus the 1.2 grams involved in the controlled buy. Under U.S.S.G § 2D1.1(a)(3), a 6–gram finding results in a base offense level of 26. No other adjustments to the offense level were recommended. An offense level of 26, in conjunction with a Criminal History of I, yields a sentencing range of 63–78 months.

After extended argument on the amount of crack to be attributed to Cole, the court ruled that the 6–gram amount had been satisfactorily proved. The court also accepted the other recommendations of the probation officer and sentenced Cole at the bottom of the range. After the sentence was announced, including terms of supervised release, a $1,500 fine and a $50 assessment, the following colloquy occurred:

THE COURT: ... Does the defendant have anything further to say in regard to—

[DEFENSE COUNSEL]: Your Honor, I think the defendant himself would like to address the Court.

THE COURT: I did fail to notice the defendant he had the right to appeal the judgment of the Court within a period of ten days.

[DEFENSE COUNSEL]: Yes, sir.

THE DEFENDANT: Can I say something now, Your Honor?

THE COURT: Pardon?

THE DEFENDANT: May I address the court myself?

THE COURT: You ask your counsel that. What—I don't know what you want to ask the Court.

THE DEFENDANT: I just want to clarify something to the Court on this case.

THE COURT: Ask your counsel before you say anything. Your might say something that harms you.

[DEFENSE COUNSEL]: Your honor, I think the import of my client's remarks to the Court would be that the Government's chief witness, Mr. Hairston [the informant], was not accurate in his testimony to the jury and to the Court.

I think what he would like to do is simply address to you perhaps some of the things that he indicated to me that he put in a letter to you. I don't know. And perhaps that would be a better forum.

THE COURT: That would be something that he may use to address the Court. He will have a right to appeal. And the Court will notify him of his right to appeal within a period of ten days from this day.

Is there anything further?

[DEFENSE COUNSEL]: No, Your Honor.

Cole now contends that he was denied his right of allocution. We agree that the right was denied, and we believe that the error was prejudicial and should be redressed.

## II

No objection to the denial of allocution was made in the district court, so the error is subject to review for plain error. *See United States v. Olano,* — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also United States v. Lewis,* 10 F.3d 1086 (4th Cir.) (applying plain error analysis to allocution denial). The *Olano* analysis requires us to first determine whether there was error and, if so, whether the error was "plain."

### A

"Before imposing sentence, the court shall ... address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed. R.Crim.P. 32(a)(1)(C). The rule is not satisfied by "[m]erely affording the Defendant's counsel the opportunity to speak...." *Id.* at 1092 (citing *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961)); *see also United States v. Stuver,* 845 F.2d 73 (4th Cir.1988) (record must reflect that defendant knew that he had a right to speak in mitigation). In Cole's case, the colloquy set out above occurred *after* the court had announced the sentence. Moreover, the court appeared to discourage Cole from speaking—"Ask your counsel before you say anything"—and his counsel, though not certain what his client wanted to say, answered for him. "[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green,* 365 U.S. at 304–05, 81 S.Ct. at 655-56; *see United States v. Miller,* 849 F.2d 896 (4th Cir.1988); *United States v. Phillips,* 936 F.2d 1252, 1256 (11th Cir.1991) (collecting cases). We do not hesitate in ruling that this right was not adequately afforded to Cole and that the district court committed error that is plain.

### B

■ As in *Lewis*, the focus of our inquiry is the third prong of the plain error analysis—did the denial of the right of allocution "affect[ ] substantial rights?" *See Lewis,* 10 F.3d at 1092 (citing *Olano,* — U.S. at —, 113 S.Ct. at 1778). Our decision in *Lewis* has foreclosed any argument that a denial of allocution *per se* affects "substantial rights" as that term is used in *Olano.* Nevertheless, we believe we should examine each case to determine whether the error was prejudicial.

In *Lewis,* we found no prejudice because the defendant had "received the shortest sentence allowed by statute," *i.e.,* the low end of the applicable sentencing range, and "[n]othing [the defendant] might have said in allocution could have reduced his sentence...." 10 F.3d at 1092. Absent any possibility of a lesser sentence, we deemed a remand for reimposition of the same sentence "a fruitless exercise" and affirmed. *Id.*[1] In Cole's case, however, we can identify at least two grounds upon which the court might have imposed a reduced sentence.

Cole may have been able to persuade the court that he was accountable for less than the 6 grams of crack being attributed to him. For instance, a finding of less than 5 grams reduces the base offense level by two. *See* U.S.S.G. § 2D1.1(c)(10). Moreover, the probation officer recommended that Cole not receive a 2–level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). However, had Cole addressed the court, there was the possibility that the court could have been persuaded to award the 2–level reduction; a 2–level reduction translates to a shift in the applicable sentencing range from 63–78 months to 51–63 months. As long as this possibility remained, we are unable to say that Cole was not prejudiced by the denial of his right to allocute prior to the imposition of sentence. "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halt-

ing eloquence, speak for himself." *Green,* 365 U.S. at 304, 81 S.Ct. at 655.

### C

■ Even after finding error that is both plain and prejudicial, we must still decide whether to exercise the remedial discretion granted by Fed.R.Crim.P. 52(b). We should correct forfeited errors only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano,* — U.S. at —, 113 S.Ct. at 1779 (quoting *United States v. Atkinson,* 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936)). When a defendant was unable to address the court before being sentenced and the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, we are of the firm opinion that fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand.

The sentence is vacated, and the case is remanded for resentencing in accordance with this opinion.[2]

*VACATED AND REMANDED.*

LUTTIG, Circuit Judge, dissenting:

In vacating Cole's sentence, the majority first holds that the district court committed "plain error" in assertedly not allowing Cole his right of allocution mandated by Fed. R.Crim.P. 32(a)(1)(C), and then holds that under *United States v. Olano,* — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), this error affected Cole's "substantial rights" to such a degree that his sentence must be vacated. The first of these conclusions is erroneous as a factual matter, for the district court satisfied the Rule 32 requirements in a colloquy not even referenced by the majority. The second of its conclusions is based upon a misreading of the Supreme Court's decision in *United States v. Olano,* — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), so as to relieve the defendant of his burden of showing prejudice in order to obtain reversal on the grounds of "plain error." For these reasons, I dissent.

---

1. In *Lewis,* none of the components of the 262–month guideline sentence are disclosed.

2. At the sentencing hearing, Cole's lawyer told the court that "the defendant would like to ...

simply address ... some of the things that he indicated to me in a letter to you." On remand, the district court should consider this letter before announcing sentence.

## I.

The majority holds that the district court committed "plain error" by failing, prior to imposing sentence, to address Cole personally and " 'determine if [he] wishe[d] to make a statement and to present any information in mitigation of the sentence.' " *Ante*, at 998 (quoting Fed.R.Crim.P. 32(a)(1)(C)). It does so by excerpting from a portion of the sentencing hearing that occurred *after* Cole's sentence was imposed and reasoning that a post-sentence offer of allocution is insufficient. *Id.* at 997-98. The allocution requirements of Fed.R.Crim.P.32(a)(1)(C) do indeed attach "before" the district court imposes sentence, and if the colloquy recited by the majority were the only colloquy in which the defendant was offered allocution by the district court, then Cole would have been deprived of his right for the reason stated by the majority. But it is not. The district court offered Cole his right of allocution in an exchange that took place, as required, *before* sentencing. That exchange, which is entirely omitted by the majority, reads as follows:

> THE COURT: Mr. Cole, on a prior occasion you were convicted by a jury of count one for distribution of 1.2 grams of "crack" cocaine under 21 U.S.C. § 841(a)(1). Is that correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: To the best of your knowledge?
> THE DEFENDANT: Yes, sir.
> THE COURT: *It has been found upon the record made by the investigation made by the probation officer of this court that an offense level of 26 should apply against you. Do you dispute that in any way?* That is the distribution of 1.2 grams of cocaine charged in count one plus relevant conduct of 4.8, the 4.8 grams from five prior distributions, a total of six grams. *Do you disagree with any of that?*
> THE DEFENDANT: Yes, I do, sir.
> THE COURT: *Do you want to take evidence as to that matter?*
> MR. BENTLEY:[1] Your honor, I would reserve the right at your behest to simply argue the reliability of the relevant con-

duct that has been indicated in the presentence report rather than put evidence on. J.A. at 69–70. The district court then engaged Mr. Bentley in a discussion about the presentence report's recommendations on drug attribution, a discussion which consumes fourteen pages in the record, *see id.* at 70–83, after which the district court sentenced Cole.

I believe that this passage confirms that the district court fulfilled its obligations under Rule 32. The district court addressed Cole personally regarding his sentence, invited him to make a statement ("Do you dispute that in any way?"), and asked whether he wished to present any information in mitigation of the proposed sentence ("Do you want to take evidence as to that matter?"). Cole personally responded to the questions asked directly of him that he did disagree with the proposed sentence. Thereafter, as was his right, he deferred to his attorney, who engaged the court in the extended discussion on drug attribution noted above. On this record, therefore, I would hold that Rule 32(a)(1)(C) was not violated.

## II.

Even more troubling than the majority's holding as to the actual offer of allocution, however, is its own plainly erroneous application of the "plain error" doctrine. Because no objection was made at the sentencing hearing to the asserted denial of allocution, Cole's appeal is, as the majority observes, governed by Fed.R.Crim.P. 52(b), which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Only last Term, in *United States v. Olano*, —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court interpreted Rule 52(b), setting forth a four-prong test for determining whether errors to which no objection is made in the district court can nonetheless serve as grounds for appellate reversal. Under *Olano*, reversal is not mandated unless there is: 1) error; 2) that is plain; 3) that affects substantial rights; and 4) that " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.*, 113 S.Ct. at 1779 (quoting

---

1. Mr. Bentley was Cole's attorney at trial and sentencing.

*United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)). Assuming *arguendo* that the district court committed plain error, there is no basis whatsoever in the record for concluding, as the majority does, that the error affected Cole's "substantial rights." The majority's contrary conclusion is possible only because it explicitly relieves Cole of his burden of proving prejudice, in contravention of the Supreme Court's command in *Olano.*

In *Olano,* the Supreme Court held that the requirement that substantial rights be affected "in most cases ... means that the error must have been prejudicial: It must have affected the outcome of the District Court proceedings." *Id.* —— U.S. at ——, 113 S.Ct. at 1778. And as to this requirement, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.* In *United States v. Lewis,* 10 F.3d 1086, 1092 (4th Cir.1993), we held that violations of Rule 32's allocution requirement do not create special circumstances mandating a *per se* rule of reversal; thus, in this case, Cole has the burden of demonstrating prejudice.

Cole has in no way met this burden. His brief does not contain any sustained argument about how allocution would have resulted in a lesser sentence, but merely the conclusory statement that a remand is warranted so that he can *"possibly* present mitigating circumstances that *might* result in a downward departure or [*sic* ] acceptance of responsibility." Appellant's Brief at 9 (emphasis added). Such tentativeness is understandable, since the record is clear that Cole received the minimum sentence in the guideline range, and that the district court departed downward from the guidelines on the fine imposed ($1,500, as opposed to $12,500 to $1,000,000). Even at argument, Cole's counsel was unable to identify any facts that would justify a lower sentence. Under *Olano,* therefore, Cole has not established the requisite prejudice to justify reversal of the district court.

The majority, unconvinced by Cole's own failure to suggest any possible prejudice, conjures up two possibilities of its own, namely, that if Cole had addressed the district court even more fully, he might have persuaded it either to reduce the amount of crack for which he was held responsible or to award him an acceptance of responsibility reduction. *Ante,* at 999.

The majority's assertion that further allocution might have prompted the court to reduce the amount of crack for which Cole was held accountable is pure speculation. Not even Cole's counsel on appeal attempted to make this argument, and for good reason. As noted earlier, the district court engaged Cole's trial attorney in a fourteen-page discussion before ruling that the 6–gram amount suggested by the government had been proven by a preponderance of the evidence. During that discussion, Cole's attorney attacked the reliability of the government informant's trial testimony, J.A. at 70–71; questioned whether during his testimony the informant was discussing marijuana rather than crack purchases, *id.* at 72; and inquired whether the dollar values used by the government to convert purchases into drug weight were accurate, *id.* at 77. The most damning evidence supporting attribution of the 6 grams of crack to Cole came out during his own attorney's cross-examination of the informant during trial, when the informant twice responded that he had purchased crack from Cole four or five times before the controlled buy. *Id.* at 79.

The case against a reduction for acceptance of responsibility is even stronger, so much so that had the district court granted such a reduction, it would have committed reversible error. The majority notes that Cole elected to stand trial on the government's charge of crack distribution. *Ante,* at 997. Under the Sentencing Guidelines, it is absolutely clear that the acceptance of responsibility adjustment

> is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse..... In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.,* to make a constitutional challenge to a statute or a challenge to the

applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon *pre-trial statements and conduct.*

U.S.S.G. § 3.E1.1, comment. (n.2) (Nov.1992) (emphasis added).

There is no record evidence that Cole went to trial to preserve issues that did not relate to his factual guilt. There is similarly no record evidence of any "pre-trial statements and conduct" demonstrating an acceptance of responsibility, nor even of any such *post*-trial "statements and conduct." Cole's presentence report, to which he did not object, states specifically that a downward departure was not warranted because Cole had maintained that "he doesn't remember dealing cocaine base at any time." J.A. at 98. In short, at no point before the sentencing hearing were there *any* indications of an acceptance of responsibility; whatever the effects of " 'halting eloquence,' " *ante,* at 999 (quoting *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961)), they cannot be so powerful as to create an acceptance of responsibility *ex nihilo.*[2]

The majority, therefore, has commanded the district court to undertake what will be a "fruitless exercise" on remand, since the court's only recourse following this second allocution will be to resentence Cole to the term he is already serving. As noted above, the district court heard extensive argument from Cole's counsel at sentencing about whether Cole should be held accountable for 6 grams of crack, as opposed to merely the 1.2 grams involved in the controlled buy. Its decision that the government had proven the 6 gram amount by a preponderance of the evidence not only was not clearly erroneous, it was absolutely correct. Nor, as the preceding discussion should make clear, is there any way that the district court can grant Cole an acceptance of responsibility reduction, particularly considering that Cole did not object to the presentence report's contrary conclusion at the original proceeding.

And there is similarly no record evidence supporting any other kind of downward departure.[3] Given the current scarcity of judicial resources, remanding this case for resentencing seems an errand for naught. I therefore dissent.

---

**2.** Because Cole's "substantial rights" were not affected by the alleged error, *a fortiori* any error could not have "seriously affect[ed] the fairness, integrity, or public reputation" of the proceedings below, as is required by the fourth prong of *Olano.*

**3.** Because Cole should properly be held accountable for six grams of crack, he is also subject to the mandatory 5–year minimum sentence imposed by 21 U.S.C. § 841(b)(1)(B).