USCA1 Opinion

 

 January 13, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1492 No. 94-1493 UNITED STATES, Appellee, v. SHAWN D. SILSBY, Defendant, Appellant. __________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ___________________ Tina Schneider on brief for appellant. ______________ Jay P. McCloskey, United States Attorney, and Michael M. _________________ __________ DuBose, Assistant U.S. Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Defendant-appellant Shawn D. Silsby ___________ pleaded guilty to two counts of an indictment charging him with possession with intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1) and possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. 924(c). Defendant also waived indictment and pleaded guilty to a one-count information charging him with possession with intent to distribute cocaine and aiding and abetting in the commission of that crime in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. The district court sentenced defendant to two concurrent terms of imprisonment of 24 months on the drug convictions and a consecutive term of imprisonment of 24 months on the firearms conviction for a total of 48 months. Defendant raises two issues on appeal. 1. The Right of Allocution. Prior to imposing ________________________ sentence, a district court must "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed. R. Crim. P. 32(a)(1)(C). To meet this requirement, "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." United States v. de Alba Pagan, 33 _____________ _____________ F.3d 125, 129 (1st Cir. 1994). Defendant claims that the district court asked him whether he had anything to say regarding the weapons charge, but failed to so inquire regarding the drug charges. Because defendant did not object to this alleged failure at the time, we review for plain error. See Fed. R. Crim. P. 52(b); ___ United States v. Olano, 113 S.Ct. 1770, 1776 (1993). At ______________ _____ sentencing, the following interchange took place. THE COURT: Does your client wish to be heard by way of allocution? THE DEFENDANT: I don't know. On the gun charge, the only reason I had the gun is I've always liked guns and like he says, I lost the clip for it and I brought it in to Willey's that day and I didn't have it for drug purposes. You know, I grew up, my stepfather's in the military. I used to go out and shoot skeet with him. And my real father, we always went hunting. I just always had a liking for guns. But I didn't have the gun for, you know, drug purposes. THE COURT: All right. Is there anything else you want to say to the court? THE DEFENDANT: No. Sentencing Transcript, at 7. Defendant points out that the discussion preceding his statement mostly was confined to the effect of the gun charge on the guideline range. Thus, he goes on, he "reasonably believed" that he was limited to addressing the possession of a weapon. We disagree. As defendant concedes, the court did not limit its inquiry to the gun charge. In fact, the court explicitly asked defendant after he had spoken about his possession of the weapon whether he had anything else to add. The cases cited by defendant are not on point. In United ______ -3- States v. Medrano, 986 F.2d 299 (9th Cir. 1993), the district ______ _______ court never addressed the defendant to see if he wished to _____ speak and the government so conceded. Id. at 302. In United ___ ______ States v. Cole, 27 F.3d 996 (4th Cir. 1994), the district ______ ____ court did not ask the defendant to speak until after imposing _____ sentence. Id. at 998. ___ 2. The Downward Departure Under the Sentencing ______________________________________________ Guidelines. "Upon motion of the government stating that the __________ defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guideline." U.S.S.G. 5K1.1. The government filed such a motion and recommended a sentence in the vicinity of 48 months. Defendant argued for a 30-month sentence so that he could attend the shock incarceration program run by the Bureau of Prisons. To be eligible for this program immediately after conviction, an individual must be sentenced to a term of imprisonment of more than 12 months but not more than 30 months. 18 U.S.C. 4046(a). Based on the nature of the offenses, defendant's criminal history and his acceptance of responsibility, the court determined that the guideline range for the drug convictions was 21 to 27 months (criminal history category of II and base offense level of 15). The conviction for possession of the gun carried a mandatory five year sentence -4- to be served consecutively to the drug sentences. This resulted in the possibility of a sentence of between 81 and 87 months. In choosing a term of imprisonment, the court noted that the 48-month sentence already was a "pretty healthy downward departure for cooperation." Sentencing Transcript, at 6. Further, the court stated that in light of the nature and seriousness of defendant's crimes, it could not "in all good conscience" go to the level requested by defendant. Id. at 10. ___ "[T]he court of appeals lacks jurisdiction to hear an appeal by a party in whose favor a departure decision operates." United States v. McAndrews, 12 F.3d 273, 276 (1st _____________ _________ Cir. 1993). In other words, a criminal defendant cannot rest an appeal on the sentencing court's discretionary downward departure "merely because [he] is dissatisfied with the quantification of the court's generosity." United States v. _____________ Pighetti, 898 F.2d 3, 4 (1st Cir. 1990) (footnote omitted). ________ The exception to this rule is where the district court's sentencing decision results from a mistake of law. McAndrews, 12 F.3d at 276 n.2. Thus, where the court _________ erroneously believed it lacked the power to depart or misunderstood the rules governing departure, an appeal will lie. United States v. Mariano, 983 F.2d 1150, 1153 (1st Cir. _____________ _______ 1993). -5- Defendant argues that the court had intended to impose a sentence which would have allowed him to enter the shock incarceration program immediately and that the court was mistaken in believing that defendant would be eligible for the program with a 48-month sentence. The record does not support this position. First, it is clear that the district court judge understood the implications of a 48- month term of imprisonment. I think the prospects for this defendant to rehabilitate himself seem to be fairly good, and although I think it's a pretty close call, I'm going to recommend to the Bureau of Prisons that under the circumstances that consideration be given to the defendant for approval of a boot camp placement. And I do that knowing that the sentence _________________________________________ that I'm going to impose does not qualify _________________________________________ automatically to allow the defendant to _________________________________________ go into a boot camp situation, but with ______________________________ the recommendation of the court, I'm sure that the Bureau of Prisons will at least consider favorably the request for boot camp placement in this case. Sentencing Transcript, at 11 (emphasis added).1 Second, defendant's eligibility for the shock incarceration program is not a factor the district court could consider in determining the extent of the downward departure. "As a basis for departing, a court may consider  ____________________ 1. Defendant's assertion that only those persons with sentences under 30 months are eligible for this program also is misplaced. The probation department representative testified that if defendant successfully completes 18 months of his sentence, he will be eligible for the program. Presentence Hearing Transcript, at 10. -6- mitigating factors only to the extent that they can fairly be said to touch upon the degree, efficacy, timeliness, and circumstances of a defendant's cooperation." Mariano, 983 _______ F.2d at 1156 (footnote omitted). Therefore, we lack jurisdiction over defendant's challenge to his sentence. For the foregoing reasons, these appeals do not present any substantial questions and we summarily affirm the ______ judgments of the district court. See Local Rule 27.1.  ___ -7-