**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4330**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

VERNON GRAY LESLIE, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:07-cr-00132-BO-1)

Submitted:  January 12, 2009      Decided:  February 5, 2009

Before MICHAEL, KING, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville,
North Carolina, for Appellant.   George E. B. Holding, United
States Attorney, Anne M. Hayes, Jennifer P. May-Parker,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vernon Gray Leslie, Jr., appeals from the thirty-seven-month sentence imposed following his guilty plea to two counts of larceny of United States Postal Service money orders and one count of receiving, concealing, and retaining stolen United States Postal Service money orders, in violation of 18 U.S.C. § 641 (2006). On appeal, Leslie contends that the district court erred by not allowing him or his attorney the chance to be heard after the court adopted the Government's proposed upward departure and denying Leslie's right to allocution prior to imposition of sentence.

Before imposing sentence, the district court shall address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence. See Fed. R. Crim. P. 32(i)(4)(A)(ii). In United States v. Cole, 27 F.3d 996 (4th Cir. 1994), we held that the denial of allocution constitutes plain error on direct appeal warranting a remand for resentencing in those instances in which there is a possibility the defendant could receive a lower sentence. We noticed the error in Cole, finding that "[w]hen a defendant was unable to address the court before being sentenced and the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, we are of the firm opinion that fairness and integrity of the

2

court proceedings would be brought into serious disrepute were we to allow the sentence to stand." Id. at 999; see also United States v. Muhammed, 478 F.3d 247 (4th Cir. 2007).

Likewise here, there was a possibility that Leslie could have convinced the court to impose a lower sentence. Specifically, Leslie and counsel could have argued against the upward departure determined by the court, could have argued in favor of Leslie's motion for downward departure based on his health issues, and could have addressed the 18 U.S.C. § 3553(a) (2006) sentencing factors. Accordingly, while we affirm the convictions, we vacate the sentence and remand for resentencing to give Leslie the opportunity to allocute. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

3