**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4058**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DELARIA ANTWAN CONWAY,

Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:08-cr-00465-HFF-1)

─────────────

Submitted:  July 21, 2009                Decided:  August 7, 2009

─────────────

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Walter Wilkins, III, United States Attorney, Columbia, South Carolina, James D. Galyean, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delaria Antwan Conway pled guilty to two counts of possession with intent to distribute 5 or more grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1) (2006). The district court sentenced Conway to 262 months' imprisonment, at the bottom end of Conway's advisory guidelines range. Conway timely noted his appeal. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions the reasonableness of Conway's sentence. Although informed of his right to file a pro se supplemental brief, Conway has not done so.

Counsel first suggests that the district court committed plain error in sentencing Conway to 262 months' imprisonment. Plain error requires Conway to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if he makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Young,

470 U.S. 1, 15 (1985) (internal quotations omitted)). Conway fails to establish reversible error by the district court.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no procedural error, such as failing to calculate or improperly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the guidelines range. Gall, 128 S. Ct. at 597. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). Further, this court on appeal may presume a sentence within the guidelines range to be reasonable. Id. Even if the reviewing court would have reached a different result, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

"When rendering a sentence, the district court must make an <u>individualized</u> assessment based on the facts presented." <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (quoting <u>Gall</u>, 128 S. Ct. at 597 (internal quotations omitted) (emphasis in the original)). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. <u>Id.</u> Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court had a reasoned basis for its decision and fairly considered the parties' arguments.

The record here establishes that the district court did not commit procedural or substantive error in sentencing Conway. The district court properly concluded Conway was a career offender and correctly determined his advisory guidelines range. After listening to defense counsel and Conway's mother, the district court imposed a sentence at the bottom of Conway's advisory guidelines range. We find nothing in this record to rebut the presumption of reasonableness accorded to Conway's within-guidelines sentence. Accordingly, the district court did not err in sentencing Conway to 262 months' imprisonment.

Conway also suggests that the district court committed plain error in denying him an opportunity to allocute at his sentencing hearing. United States v. Cole, 27 F.3d 996 (4th Cir. 1994). Even if such error occurred, however, reversal of Conway's sentence is not appropriate. During a hearing held by the district court to reconsider its sentencing order, Conway, after answering questions asked of him by the district court, declined a specific invitation by the district court to speak further. In light of Conway's refusal to say anything in support of his motion for reconsideration of his sentence, Conway cannot establish that any error by the district court affected his substantial rights.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Conway's conviction and sentence. This court requires that counsel inform Conway, in writing, of the right to petition the Supreme Court of the United States for further review. If Conway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Conway.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>