**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4967**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LESLIE OWEN FEREBEE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.    Terrence W. Boyle, District Judge.  (2:10-cr-00004-BO-1)

Submitted:  June 23, 2011              Decided:  June 30, 2011

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.    George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Owen Ferebee pled guilty without a plea agreement to: conspiracy to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, 21 U.S.C. § 846 (2006) (Count One); distribution of fifty grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2006) (Count Two); four counts of distribution of a quantity of crack, 21 U.S.C. § 841(a)(1) (Counts Three-Six); and distribution of a quantity of cocaine base and a quantity of cocaine, 21 U.S.C. § 841(a)(1) (Count Seven). He was sentenced to 280 months on each count. The sentences run concurrently. Ferebee now appeals, raising two issues related to his sentence. We vacate and remand for resentencing.

I

According to Ferebee's presentence investigation report (PSR), his base offense level was 34. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(2) & n.10(D) (2009). Two levels were added based on possession of a firearm. See USSG § 2D1.1(b)(1). His adjusted offense level was 36. However, because Ferebee was a career offender, see USSG § 4B1.1, and the statutory maximum to which he was subject is life in prison, see 21 U.S.C. § 841(b)(1)(A), his offense level was 37. See USSG § 4B1.1. Three levels were subtracted for

2

acceptance of responsibility. See USSG § 3E1.1. Ferebee's total offense level therefore was 34, his criminal history category was VI, and his advisory Guidelines range was 262-327 months.

At sentencing, defense counsel requested a sentence of 240 months because Ferebee had "undergone a fairly significant change during the time he ha[d] been in custody." The Government argued for a sentence in the middle of Ferebee's Guidelines range.

Without affording Ferebee the opportunity to allocute, the court sentenced him to 280 months on each count, to run concurrently. The court offered no rationale for the chosen sentence.

II

Ferebee contends that his sentence is procedurally unreasonable because the district court did not sufficiently explain the selected sentence. Because Ferebee argued for a sentence different than the one imposed, he preserved his claim, and our review is for abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). If we determine that the court abused its discretion, we will reverse unless the error was harmless. See id. at 576.

A district court commits procedural sentencing error by "failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating the district court's explanation for the sentence imposed, we have held that, although the district court must consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) statutory factors and explain the sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must make an individualized assessment based on the facts presented," and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks and citation omitted). The reasons articulated by the district court need not be "couched in the precise language of § 3553(a)," as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular

4

situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Here, the district court erred by failing to offer any explanation of the selected sentence. Under this circumstance, appellate review is impossible, and the error is not harmless. Accordingly, we must vacate and remand for resentencing.

III

Ferebee also contends that the district court committed reversible error when it failed to afford him the opportunity to allocute prior to sentencing. See Fed. R. Crim. P. 32(i)(4)(A)(ii); see also Green v. United States, 365 U.S. 301, 305 (1961). Because Ferebee did not object at sentencing to the denial of allocution, our review is for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, a defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even if these conditions are satisfied, we will exercise our discretion to notice the error only if the error "seriously affected the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

The denial of allocution does not per se affect a defendant's substantial rights. United States v. Lewis, 10 F.3d

5

1086, 1092 (4th Cir. 1993).  To demonstrate that such denial affected his substantial rights, the defendant must establish that, had he been permitted allocution, his sentence might have been lower.  See United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994).

We need not decide whether the denial of the opportunity to allocute affected Ferebee's substantial rights, because, as previously discussed, resentencing is necessary based on the district court's failure to explain the chosen sentence.  At resentencing, however, the district court should provide Ferebee the opportunity to address the court prior to imposition of sentence.


IV

We therefore vacate the sentence and remand for resentencing.  On remand, the district court should permit Ferebee to allocute in accordance with Rule 32(i)(4)(a)(ii) and should set forth its reasons for the selected sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.


VACATED AND REMANDED