<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4229**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RICHARD JODY SILVERS,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson Jr., Senior District Judge. (7:12-cr-00631-GRA-1)

Submitted: July 15, 2013        Decided: September 17, 2013

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Jody Silvers pleaded guilty in the district court to a single-count indictment charging him with conspiring to traffic in oxycodone. The court thereafter sentenced Silvers on the conviction to 175 months of imprisonment. Silvers appeals, contending that he was not afforded the opportunity to allocute at sentencing. See Fed. R. Crim. P. 32(i)(4)(A)(ii) (mandating that the district court, prior to the imposition of sentence, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence"). Silvers also maintains that the court neglected to sufficiently explain on the record how the enumerated factors it was required to consider pursuant to 18 U.S.C. § 3553(a) bore upon the sentence imposed.

Notwithstanding that no objection was lodged below to the errors now alleged, we vacate and remand for resentencing so that Silvers may avail himself of the right of allocution heretofore denied him. See United States v. Olano, 507 U.S. 725, 732 (1993) (instructing that appellate correction of plain error requires appellant to demonstrate: (1) error; that is (2) plain; (3) affects substantial rights; and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings" (citation, internal quotation marks, and alteration omitted)).

The disposition of this appeal is controlled by our decision in United States v. Muhammad, 478 F.3d 247 (4th Cir. 2007). In that case, we determined that it was plain error for the defendant to have been deprived of the opportunity to allocute at sentencing, by which he was foreclosed from attempting to convince the court that he should have received a less severe punishment. See id. at 249 (citing United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994)).

Indeed, the prospects for leniency were palpable in Muhammad, where the defendant — like Silvers here — had been sentenced at the top of the advisory range prescribed by the Sentencing Guidelines. But we have exercised our discretion to correct plain errors abridging the right to allocution even when the attendant likelihood of prejudice is not so clear-cut. See Cole, 27 F.3d at 999 (observing that sentence imposed was at bottom of guidelines range, but identifying "at least two grounds" that defendant could have advanced to persuade court to downwardly adjust offense level and thereby lower applicable range).

The government maintains that Muhammad is distinguishable insofar as Silvers, in contesting a proposed upward adjustment to his base offense level for an enhanced role in the offense, see USSG § 3B1.1(c), personally addressed the district court at sentencing, as he attempted to downplay his involvement in the

3

conspiracy. This impromptu soliloquy, according to the government, was sufficient to satisfy the allocution requirement.

We are unpersuaded. Had Silvers been given the specific opportunity to allocute, he would not have been compelled to confine the topic to his relative culpability vis à vis his co-conspirators. Silvers could have reiterated those same points, to be sure, but the record reflects that he also could have, for example, stressed his cooperation in the investigation of the conspiracy and the effect of his addiction in motivating his criminal behavior. The latter two subjects would not have been appropriate for Silvers to broach during his focused discourse to the court on the offense-level objection. We therefore discern plain error in the withholding of allocution such that we may appropriately exercise our discretion to correct it.

Pursuant to the foregoing, we vacate the sentence imposed on Silvers and remand for resentencing in conformance with this opinion.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] In light of our disposition of the appeal on the basis that Silvers was denied allocution, we need not address his alternative contention that he was sentenced in contravention of 18 U.S.C. § 3553(a).

4

before the Court and argument would not aid the decisional process.

VACATED AND REMANDED