**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4672**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

WILLIAM MAURICE JOHNSON,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:12-cr-00282-PJM-1)

———————

Submitted: February 20, 2014      Decided: February 28, 2014

———————

Before KING, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael N. Loebl, FULCHER HAGLER LLP, Augusta, Georgia, for Appellant. Rod J. Rosenstein, United States Attorney, Kelly O. Hayes, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Maurice Johnson appeals the district court's judgment revoking his supervised release and imposing a nine-month prison term. Johnson challenges this sentence, arguing that it is plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. Although a district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original

2

sentence, it "still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration under [§ 3553(a)] and [were] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

In this case, there is no dispute that Johnson's nine-month prison sentence does not exceed the applicable statutory maximum. 18 U.S.C. §§ 3559(a), 3583(e)(3) (2012). The district court also considered the advisory policy statement range of six to twelve months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") §§ 7B1.1(a)(3), (b), 7B1.4(a), p.s. (2012), and heard argument from counsel for both parties. On

3

appeal, Johnson contends that the sentence is plainly unreasonable because the district court erred in failing to afford him the opportunity to allocute, erroneously considered irrelevant evidence in making its factual findings and imposing sentence, failing to calculate the advisory policy statement range, and failing to adequately explain its selected sentence. After review of the parties' briefs and the record, we conclude that these challenges are without merit.

Because Johnson he did not object to the alleged denial of allocution in the district court, our review is for plain error only. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). To establish plain error, Johnson must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). Even if these requirements are met, however, we will "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

A defendant at a supervised release revocation proceeding is entitled to "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E). This right to allocution is not satisfied by

4

"[m]erely affording the Defendant's counsel the opportunity to speak"; instead, "[t]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." United States v. Cole, 27 F.3d 996, 998 (4th Cir. 1994) (internal quotation marks omitted).

Assuming without deciding that the district court's question to Johnson as to whether he had anything "new or different" he wanted to say at the revocation hearing amounted to a plain deprivation of Johnson's right to allocute, we turn to an assessment of whether the error affected Johnson's substantial rights. "[A] defendant [is] not prejudiced by the denial of allocution when there was no possibility that he could have received a shorter sentence." Muhammad, 478 F.3d at 249. If, however, we can identify a ground on which a lower sentence might have been based, we may notice the error. See Cole, 27 F.3d at 999 ("When . . . the possibility remains that an exercise of the right of allocation could have led to a sentence less than that received, . . . fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand."). Upon review, we conclude that Johnson has failed to demonstrate he was prejudiced by the district court's failure to afford him a proper opportunity to allocute.

Next, Johnson argues that the district court erroneously considered irrelevant evidence in making its factual findings and in imposing sentence. However, because Johnson fails to present this argument in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."), we deem it waived. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

Finally, we reject as without merit Johnson's argument that the nine-month sentence is unreasonable because the district court failed to calculate the advisory policy statement range and provide a sufficient explanation for its sentencing decision. It is clear from the record that the court considered the properly-calculated policy statement range; that the court was not the entity that calculated the range does not render the nine-month sentence unreasonable. See Moulden, 478 F.3d at 656; Crudup, 461 F.3d at 439. Further, in rejecting counsel's request for a sentence below the policy statement range, the district court considered Johnson's history and characteristics, the nature and circumstances of his violative behavior, and the need for the sentence to afford deterrence. 18 U.S.C. § 3553(a)(1), (2)(B). The court's comments also indicate that

it imposed the sentence to sanction Johnson's breach of trust, despite prior lenient treatment. <u>See</u> USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust.").

We conclude that the district court adequately explained its rationale for imposing the nine-month prison sentence and relied on proper considerations in doing so. Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Johnson's revocation sentence is not unreasonable. Therefore, we conclude that Johnson's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We deny Johnson's motion to expedite decision and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>