**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4956

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENNIE JOSEPH DUNLAP, III,

Defendant - Appellant.

No. 14-4957

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENNIE JOSEPH DUNLAP, III,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:12-cr-00282-BO-1; 5:10-cr-00186-BO-1)

Submitted: December 3, 2015          Decided: August 9, 2016

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

———————————

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Bennie Joseph Dunlap, III, appeals the district court's judgment revoking supervised release and sentencing him to 2 consecutive 24-month sentences. Dunlap contends that the court erred by not explaining the chosen sentences. After we reviewed the record, we directed the parties to file supplemental briefs on the issue of whether the court's handling of the revocation proceeding violated Dunlap's due process right to a fair trial in an impartial tribunal. We now vacate the judgment and remand for another revocation proceeding before a different district court judge.

"A fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955). "Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused." Dunn v. United States, 442 U.S. 100, 106 (1979). At a revocation hearing, the defendant has the right to appear, to present evidence, and to make a statement and present information in mitigation. Fed. R. Crim. P. 32.1(b)(2)(E).

Upon our careful review of the record, we conclude that the district court, at the very least, gave the appearance that it had decided to revoke Dunlap's supervised release and impose the maximum sentence possible before Dunlap had a chance to testify or make a statement in mitigation of sentence. After hearing

3

the government's evidence in support of the charges, the district court asked the probation officer to identify the maximum possible sentence and whether it could impose consecutive terms. Upon learning that the law allowed 2 consecutive 24-month sentences, the court stated, "Okay. Okay. I'll do it," and only then directed Dunlap to take the stand and testify. (Joint Appendix 78).

Under these circumstances, in which the court appears to have decided on revocation and a specific, maximum sentence before hearing from the defendant, the "fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand." United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994); see also United States v. Godwin, 272 F.3d 659, 679 (4th Cir. 2001) (Our "ultimate concern . . . must be whether the trial judge's comments were so prejudicial as to deny a party an opportunity for a fair and impartial trial." (internal quotation marks omitted)).

Accordingly, we vacate the district court's judgment and remand for a new revocation proceeding before a different district court judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4