**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4438**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:17-cr-00198-2)

Submitted:  April 29, 2019                                    Decided:  July 22, 2019

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Paul F. Enzinna, ELLERMAN ENZINNA PLLC, Washington, D.C., for Appellant. Michael B. Stuart, United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Dennis Carter pled guilty to conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2012). The district court designated Carter a career offender and sentenced him to 188 months' imprisonment, the bottom of the career offender Sentencing Guidelines range. Carter appeals, seeking resentencing because he was not afforded an opportunity to allocute and because he alleges that he was improperly designated a career offender. For the reasons that follow, we vacate Carter's sentence and remand for further proceedings.

Under Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure, a district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Because Carter failed to object in the sentencing court to the denial of his right to allocute, our review is for plain error. *United States v. Engle*, 676 F.3d 405, 424 (4th Cir. 2012). To establish plain error, Carter must show:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id*. (brackets omitted).

Carter satisfies the first two prongs of the plain error test. It is undisputed that the district court failed to provide Carter with an opportunity to allocute. Thus, there was error that was plain. *United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993). If Carter can show "the 'possibility remain[s]' that [he] could have received a lesser sentence had he

2

been permitted to allocute at [sentencing], he has sufficiently shown that he was prejudiced by the denial of allocution," and we will "exercise our discretion to notice the error." *United States v. Muhammad*, 478 F.3d 247, 251 (4th Cir. 2007) (quoting *United States v. Cole*, 27 F.3d 996, 999 (4th Cir. 1994)).

Carter received a sentence at the bottom of the advisory career offender Guidelines range. He argues that, had he been afforded an opportunity to allocute, he might have been able to convince the court to sentence him below this range. As Carter concedes, his attorney sought a downward variance, arguing that, inter alia, Carter's criminal history category and the career offender enhancement overstated the seriousness of his prior offenses. Counsel emphasized that Carter's prior offenses involved small drug quantities and he received probationary sentences.

In denying a downward variance, the district court acknowledged counsel's arguments, but noted that, after repeatedly being caught and committing drug trafficking crimes involving smaller quantities of controlled substances, Carter committed the instant offense, which involved the distribution of a significant quantity of heroin. The district court was thus well aware of the nature of Carter's prior offenses but was concerned with his recidivism and the fact that the instant offense was a substantial escalation in his prior drug distribution activities.

Nevertheless, the "possibility remains" that Carter would have received a shorter sentence had he been given the opportunity to allocute. *Muhammad*, 478 F.3d at 251. In particular, Carter may have been able to prevail upon the court to sentence him below the Guidelines range by asserting that he played a lesser role in the conspiracy than his

3

coconspirators, or he could have explained his predicate offenses in a manner that convinced the court that he should not be sentenced as a career offender. *See Cole*, 27 F.3d at 999 (finding that defendant demonstrated prejudice from denial of allocution because he might have been able to reduce his offense level by showing that he should be held accountable for lesser drug quantity or had accepted responsibility). Even though counsel argued unsuccessfully for a downward variance, "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, 365 U.S. 301, 304 (1961). We therefore exercise our discretion to notice the error in failing to provide Carter an opportunity to allocute.

Accordingly, we vacate Carter's sentence and remand for a new sentencing hearing at which Carter is afforded an opportunity to allocute before sentence is imposed. Because we are vacating Carter's sentence, we decline to address Carter's claim that his § 846 conviction does not meet the definition of a controlled substance offense for purposes of the career offender Guidelines. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*