**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5187**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY RAY FANCHER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (2:05-cr-00013-REM-JSK-1)

Submitted: April 30, 2009          Decided:  June 26, 2009

Before TRAXLER and KING, Circuit Judges, and Benson Everett LEGG, Chief United States District Judge for the District of Maryland, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, David J. Perri, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court after resentencing on remand. In our previous decision, we found error in the district court's failure to provide advance notice that it was considering an upward variance in sentencing Fancher. We accordingly vacated Fancher's sentence and remanded for resentencing. United States v. Fancher, 513 F.3d 424 (4th Cir. 2008). On remand, the district court provided advance notice that it was again considering an upward variance, conducted the resentencing hearing, and again sentenced Fancher to the statutory maximum 480 months of imprisonment. The court did not, however, provide Fancher an opportunity to address the court prior to the imposition of sentence, as required by Fed. R. Crim. P. 32(i)(4)(A)(ii). Counsel for Fancher objected, but the district court did not take corrective action. Fancher timely appealed.

On appeal, Fancher argues that his due process rights were violated by the district court's failure to offer him the opportunity to speak, and that his sentence is unreasonable. The Government concedes that the district court committed reversible error in failing to allow allocution. This court has held that a district court commits plain error if it does not afford the defendant an opportunity to allocute at a resentencing hearing. United States v. Muhammad, 478 F.3d 247,

2

250 (4th Cir. 2007). There is, however, no per se rule of reversal when the district court denies a defendant's right to allocute under Fed. R. Crim. P. 32(i)(4)(A)(ii). Muhammad, 478 F.3d at 249. Instead, the court "should examine each case to determine whether the error was prejudicial." Id. (quoting United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994)).

In Muhammad, the court applied plain error review because Muhammad failed to object to the district court's failure to allow him to allocute. Id. at 249. In this case, however, counsel specifically objected to the lack of an opportunity to allocute, and cited Rule 32. Therefore, the Government has the burden of demonstrating that any error was harmless, which requires a showing that the court's error did not affect Fancher's sentence. United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). The Government does not attempt to carry its burden, but "acknowledges that the District Court committed reversible error when it neglected to afford the defendant the opportunity to speak on his own behalf before imposing sentence."

Accordingly, we vacate Fancher's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED