**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5177**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY RAY FANCHER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:05-cr-00013-REM-JSK-1)

Submitted:  June 17, 2010                 Decided:  July 15, 2010

Before TRAXLER, Chief Judge, KING, Circuit Judge, and Benson E. LEGG, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Betsy C. Jividen, Acting United States Attorney, Sherry L. Muncy, David Perri, Assistant United States Attorneys, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court after a second remand for resentencing. In our previous decisions, we vacated Fancher's sentence based on the district court's failure to provide advance notice that it was considering an upward variance, United States v. Fancher, 513 F.3d 424 (4th Cir. 2008), and the district court's failure to afford Fancher the opportunity to address the court prior to the imposition of sentence. United States v. Fancher, 328 F. App'x 268 (4th Cir. 2009) (No. 08-5187). On remand, the district court sentenced Fancher to 360 months of imprisonment, five years of supervised release, a $100 special assessment, and a $5000 fine. Fancher timely appealed.

On appeal, Fancher argues that the upward variance sentence is unreasonable. This court reviews Fancher's sentence "under a deferential abuse-of-discretion standard," which first considers whether the sentence is procedurally reasonable. Gall v. United States, 552 U.S. 38, 41, 51 (2007). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons

supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted). If a sentence is found procedurally reasonable, the court then considers substantive reasonableness. Gall, 552 U.S. at 51. In conducting this review, the court examines "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the degree of the variance." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (citation and internal quotation marks omitted).

Fancher argues that the district court abused its discretion and failed to justify the extent of the upward variance and thus imposed a sentence greater than necessary. Our review of the sentencing transcript leads us to conclude that the district court adequately explained its sentence to reflect that it considered the relevant § 3553(a) factors and to provide a sufficiently individualized explanation for its sentence, as required by Carter. We also conclude that the extent of the variance was supported by the facts of the case.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED