**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4866**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ELWOOD AVERY,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:08-cr-00128-MR-DLH-2)

Submitted:  August 11, 2010        Decided:  September 9, 2010

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Dennis M. Hart, Washington, D.C., for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elwood Avery appeals the 188-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Avery's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether: (1) the district court failed to ensure Avery's guilty plea was knowing and voluntary, (2) the district court properly sentenced Avery as a career offender, (3) the district court erred in failing to take into account the powder-to-crack cocaine disparity when sentencing Avery, and (4) Avery conclusively showed that he received ineffective assistance of counsel. Avery filed a pro se supplemental brief also raising the issue of whether the district court properly sentenced him as a career offender. We affirm the conviction, vacate the sentence, and remand for resentencing.

Counsel first questions whether Avery's guilty plea was knowing and voluntary. Prior to accepting a defendant's guilty plea, Federal Rule of Criminal Procedure 11 requires the district court to address the defendant in open court and ensure he understands, among other things, the nature of the charge against him, the possible punishments he faces, and the rights

2

he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1). Additionally, the district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

Because Avery did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if we determine that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

Counsel suggests that the district court's acceptance of the parties' stipulation of the factual basis for the plea could be problematic. Prior to accepting a guilty plea, the district court "need only be subjectively satisfied that there

3

is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). At the sentencing hearing, the parties stipulated to the facts in the Presentence Investigation Report ("PSR") as forming a sufficient factual basis for the plea. Upon review, we conclude that the district court did not err in accepting the facts as set out in the PSR. We have also reviewed the plea colloquy and find that the district court fully complied with the mandates of Rule 11. Therefore, we find that Avery's guilty plea was knowing and voluntary.

Next, both counsel and Avery challenge Avery's career offender designation. Because Avery failed to challenge his career offender designation in the district court, we review for plain error. United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). To qualify as a career offender: (1) the defendant must have been at least eighteen years old at the time of the offense of conviction; (2) the offense of conviction must have been a felony crime of violence or controlled substance offense; (3) and the defendant must have at least two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). A prior felony conviction includes a crime of violence or controlled substance offense that is punishable by more than one

4

year imprisonment, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2(a), (b), cmt. n.1.

Neither counsel nor Avery disputes that Avery's 1993 conviction for felony robbery with a dangerous weapon constitutes a predicate offense. However, counsel questions whether Avery's prior drug conviction is a predicate offense because the offense is not currently punishable by imprisonment for more than one year. In 1995, Avery pled guilty to "Felony Sell/Deliver Cocaine" after selling 0.11 grams of crack cocaine to an undercover officer, and was sentenced to three years' imprisonment. Thus, based on the sentence Avery received, it is clear the offense was punishable by a term of imprisonment exceeding one year as of the date of Avery's sentencing.

Counsel maintains that under the current statutory scheme, Avery's exposure could be less than one year imprisonment. However, we have held that whether a prior conviction was punishable by a term of imprisonment exceeding one year is governed by the law in effect on the date of conviction. United States v. Carter, 300 F.3d 415, 427 (4th Cir. 2002); United States v. Johnson, 114 F.3d 435, 445 (4th Cir. 1997). Accordingly, Avery's 1995 drug conviction qualifies as a predicate offense for career offender status.

5

Avery also argues in his pro se supplemental brief that his prior conviction was not a felony because he possessed less than twenty-eight grams of cocaine base. Avery misinterprets the applicable statute. Pursuant to North Carolina General Statutes § 90-95(h)(3), one convicted of possession of twenty-eight grams or more of cocaine is guilty of the felony of trafficking in cocaine. However, Avery was convicted of selling cocaine base, not trafficking in cocaine base. North Carolina General Statutes § 90-95(a)(1), (b)(1) makes selling cocaine base a felony without regard to the quantity of drugs sold. Thus, his argument fails.

Counsel and Avery also argue that the drug conviction is not a predicate offense because it was obtained in violation of the Double Jeopardy Clause. Avery contends that, because North Carolina assessed a drug tax against him after his arrest and a portion of the drug tax was satisfied with money seized upon his arrest, his subsequent conviction violated the Double Jeopardy Clause.

In Lynn v. West, 134 F.3d 582, 588-93 (4th Cir. 1998), we held that the North Carolina "drug tax" is a criminal penalty for purposes of the Double Jeopardy Clause. Thus, the drug offense for which the drug tax was paid cannot be counted as a predicate offense toward a career offender designation. United States v. Brandon, 363 F.3d 341, 345-46 (4th Cir. 2004).

6

However, Avery fails to prove that he was assessed and in fact paid the drug tax prior to his conviction. Therefore, we conclude the district court did not err on this basis in counting the 1995 drug offense as a predicate offense for purposes of the career offender designation.

Counsel also questions whether the district court erred in failing to consider the sentencing disparity between crack and powder cocaine when imposing sentence. Because Avery failed to raise this argument in the district court, we review for plain error. Branch, 537 F.3d at 343.

The district court does not err if, when sentencing a defendant, it concludes "that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s [(2006)] purposes." Kimbrough v. United States, 552 U.S. 85, 110 (2007). Rather, under the advisory Guidelines, "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, __ U.S. __, 129 S. Ct. 840, 843-44 (2009). The district court is not required to apply a one-to-one ratio; Spears merely permits a district court to substitute its own ratio if it determines the sentencing disparity is unwarranted.

Here, the district court did not determine that the sentencing disparity was unwarranted; in fact, it explicitly

7

stated that the sentence imposed was "not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)." Thus, we find that the district court did not err in failing to sentence Avery based on a one-to-one ratio.

Counsel next questions whether Avery received ineffective assistance of counsel. A defendant may raise a claim of ineffective assistance "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must satisfy two requirements: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Our review of the record reveals no conclusive evidence that Avery's counsel did not adequately represent him. Therefore, we decline to consider Avery's ineffective assistance claims on direct appeal.

8

While none of the claims raised by counsel or Avery warrant relief, our required review of the record pursuant to Anders discloses that the district court failed to permit Avery the opportunity to allocute at the sentencing hearing. This omission was erroneous. Fed. R. Crim. P. 32(i)(4)(A)(ii) provides that "[b]efore imposing sentence, the [district] court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Here, the district court, after taking care of all the issues raised and prior to imposing sentence, addressed counsel stating: "All right, sir. Then if there's nothing further, I'll proceed to sentence in [the calculated] range." Counsel indicated that there was nothing further; however, the district judge failed to address Avery directly before announcing his sentence. Because Avery did not object to this omission in the district court, we review for plain error. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Applying this heightened standard, we nevertheless conclude that the district court plainly erred in failing to permit Avery the opportunity to allocute.

Our finding of plain error does not, however, end the inquiry; we must next assess whether such error affected Avery's substantial rights. Olano, 507 U.S. at 732. Even if so, we are not required to correct a plain error unless "a miscarriage of

9

justice would otherwise result," meaning that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

"[A] defendant [is] not prejudiced by the denial of allocution when there was no possibility that he could have received a shorter sentence." Muhammad, 478 F.3d at 249. However, we have held that:

> When a defendant was unable to address the court before being sentenced and the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, we are of the firm opinion that fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand.

United States v. Cole 27 F.3d 996, 999 (4th Cir. 1994).

We conclude that, in this case, the district court's plain error affected Avery's substantial rights. Had the district court permitted Avery the opportunity to allocute, Avery may have raised an argument regarding the sentencing disparity between crack cocaine and powder cocaine and persuaded the district court to find that the disparity was unwarranted. Or he might have articulated other factors that would have persuaded the district court that further leniency was appropriate. Thus, because there is a possibility Avery may have received a lower sentence had he been afforded the opportunity to personally address the district court prior to

10

imposition of his sentence, we are constrained to vacate Avery's sentence and remand for resentencing.[*]

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm Avery's conviction, but vacate his sentence and remand for resentencing. Counsel's motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] By this disposition, we express no opinion whether a lower sentence is appropriate, leaving that determination to the discretion of the district court.