**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4491**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GENARO MENDOZA RESENDIZ, a/k/a Freddie,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00366-JAB-6)

Submitted: February 22, 2011      Decided: March 22, 2011

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Genaro Mendoza Resendiz pled guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2006), and was sentenced to ninety-two months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that although he believes there are no meritorious issues for appeal, it is arguable that the district court: (i) did not comply with Fed. R. Crim. P. 11 when it accepted Resendiz's guilty plea because it did not inform Resendiz of the elements the Government had to prove to establish Resendiz's guilt; (ii) erred when it increased Resendiz's offense level two levels based on his firearm possession, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2009), because Resendiz was not charged with and did not plead guilty to firearm possession; and (iii) imposed an unreasonable sentence because (a) it failed to fully articulate the 18 U.S.C. § 3553(a) (2006) factors when it imposed Resendiz's sentence, and (b) refused to impose a variant sentence. Resendiz has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

2

First, we find that the district court substantially complied with Rule 11. Because Resendiz did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Resendiz] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Resendiz satisfies these requirements, the court retains discretion to correct the error, which it should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

The district court substantially complied with Rule 11's requirements, ensuring that Resendiz's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Even assuming, arguendo, that the district court erred by failing to identify the elements of the charge to which Resendiz pled guilty, and that the error was plain, any error did not affect Resendiz's substantial rights.

In the guilty plea context, a defendant meets this burden by showing a reasonable probability that he would not have pled guilty but for the court's Rule 11 omissions. See

3

United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). However, Resendiz does not suggest that he would not have pled guilty had the Rule 11 colloquy been more exacting and, thus, he fails to show plain error. This is especially true since Resendiz attested in his plea agreement that the nature and elements of the charge that the Government had to prove were explained to him by his attorney. Accordingly, we conclude that no error, plain or otherwise, was committed during the district court's acceptance of Resendiz's guilty plea and therefore affirm Resendiz's conviction. See id. at 344 ("In the absence of any evidence in the record suggesting that [the defendant] would not have entered his plea in the absence of the error in this case, we are left with only the existence of the error itself.").

We also affirm Resendiz's sentence. After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

4

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court presumes that a sentence within the Guidelines range is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We conclude that the district court committed no reversible error when it imposed Resendiz's sentence and thus hold that Resendiz's ninety-two-month sentence is reasonable.

A review of Resendiz's presentence investigation report ("PSR") establishes that he was properly placed in criminal history category I and that the district court correctly attributed him with a total offense level of twenty-nine, yielding a Guidelines range of eighty-seven to 108 months. See USSG §§ 2D1.1, 3E1.1; ch.5, pt. A (2009). Although counsel suggests that Resendiz's offense level should not have been increased two levels pursuant to USSG § 2D1.1(b)(1), we conclude that it was appropriate for Resendiz's offense level to be increased based on his possession of a firearm during the

5

commission of the crime to which he plead guilty.  See USSG § 2D1.1(b)(1), cmt. n.3 (2009).

At sentencing, the district court adopted the PSR's factual findings and Guidelines range calculations, and appropriately afforded counsel an opportunity to argue for a variant sentence, in compliance with Fed. R. Crim. P. 32(i)(3)(A), (i)(4)(A)(i).  Although not raised by counsel in the Anders brief, we note that the district court committed error when it failed to afford Resendiz an opportunity to allocute prior to sentencing.  See Fed. R. Crim. P. 32(i)(4)(A)(ii); see also Green v. United States, 365 U.S. 301, 305 (1961) ("[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.").  Because Resendiz did not object regarding allocution in the district court, that error is also subject to plain error review.  See United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993) (applying plain error analysis to allocution denial).

The denial of allocution does not per se affect a defendant's "substantial rights."  Id.  In this case, the district court recognized that it may have neglected to ask Resendiz if he wished to allocute prior to imposing his sentence and eventually asked Resendiz if he wished to allocute. Resendiz nonetheless responded that he did not, since the issues

6

he would have addressed with the district court were already addressed by his attorney. Moreover, Resendiz does not assert that he may have received a lesser sentence had he been allowed to allocute sooner. Thus, because Resendiz has not established that had he been allowed to allocute, his sentence may have been lower, he has not established that his substantial rights were violated and, accordingly, the district court's error did not amount to plain error. Cf. United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994) (recognizing plain error as a result of district court's failure to allow defendant to allocute where, after issue was raised by defendant on appeal, this court identified reasons why the district court may have imposed a lesser sentence had defendant been allowed to address the court).

We also discern no reversible error in the district court's pronouncement of Resendiz's sentence. In evaluating a district court's explanation of a selected sentence, this court has held that, although a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every single factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court still "must make an individualized assessment based on the facts presented," and apply the "relevant § 3553(a) factors to the specific

7

circumstances of the case before it." Carter, 564 F.3d at 328 (quotation marks and emphasis omitted).

The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (quotation marks omitted). In other words, the reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)" as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

"By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, [Resendiz] sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserve[d] [his] claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Accordingly, we review the district court's explanation for Resendiz's sentence under the abuse of discretion standard. See id. at 576; cf. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error

8

because defendant did not argue for a sentence different from the sentence that he received).

Prior to imposing Resendiz's sentence, the district court explained why it rejected counsel's argument for a variant sentence; namely, it did not agree that Resendiz's conduct was similar to the conduct of his co-conspirator to warrant the variance. In doing so, the district court thoroughly addressed the nature and circumstances of Resendiz's offense.

Although the district court did not explicitly address counsel's arguments regarding his family, work history and lack of criminal history prior to imposing sentence, the district court clearly listened to counsel's arguments and did state that it considered Resendiz's advisory Guidelines range, which included Resendiz's category I criminal history, but found that a sentence in the middle of that range was appropriate. Having expressly indicated that it considered the Guidelines and the nature and circumstances of Resendiz's crime in fashioning an appropriate sentence, the district court undertook a sufficient § 3553(a) analysis in sentencing Resendiz. Cf. Johnson, 445 F.3d at 345 (recognizing that "[m]any of the § 3553(a) factors are already incorporated into any Guidelines determination, and the § 3553(a) factors can themselves overlap."). We conclude that the district court did not commit "significant procedural error" in failing to explicitly mention § 3553(a) or more

9

thoroughly explain Resendiz's sentence. See Lynn, 592 F.3d at 575.

Having discerned no procedural sentencing error, we presume Resendiz's within-Guidelines sentence to be correct. See Allen, 491 F.3d at 193. Although counsel suggests that Resendiz's sentence is substantively unreasonable because it is not the variant sentence he requested, counsel's mere suggestion is insufficient to overcome the presumption this court affords the within-Guidelines sentence. Accordingly, we affirm Resendiz's ninety-two-month sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Resendiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Resendiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Resendiz. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

10