**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4217

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALTER RAYNARD LINGARD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:17-cr-00560-RMG-1)

Submitted:  November 1, 2018                                    Decided:  November 21, 2018

Before KEENAN and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alicia Vachira Penn, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant.  Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Raynard Lingard pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in sentencing Lingard. Lingard has filed a pro se brief in which he asserts that the district court plainly erred in failing to provide him with a clear opportunity to allocute and erred in declining to vary downward. We affirm.

As to Lingard's assertion that the district court erred in failing to expressly provide him with the opportunity to allocute, because he did not raise this issue below, our review is for plain error only. *United States v. Engle*, 676 F.3d 405, 424 (4th Cir. 2012). To establish plain error, Lingard must demonstrate that: (1) there is an error; (2) the error is plain; (3) the error affected his substantial rights, "which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets omitted).

"'Before imposing sentence, the district court must address the defendant personally in order to permit him to speak or present any information to mitigate the sentence.'" *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007) (quoting Fed. R. Crim. P. 32(i)(4)(A)(ii)) (brackets and ellipsis omitted). "This rule is not satisfied by merely affording the Defendant's counsel the opportunity to speak." *Id*. (internal quotation marks omitted). "As the Supreme Court has noted, the most persuasive counsel

2

may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.* (brackets and internal quotation marks omitted).

The record makes clear that the district court provided Lingard with the opportunity to speak and present mitigating evidence at sentencing. Lingard took advantage of those opportunities and offered several mitigating statements to the court. We thus perceive no error, plain or otherwise, in the district court's efforts to conform with Fed. R. Crim. P. 32(i)(4)(A)(ii). *See United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994) (noting that the "record must reflect that defendant knew that he had a right to speak in mitigation").

Lingard next argues that the district court erred in declining to vary downward based upon Lingard's state probation revocation sentence. "In assessing a challenge to a sentencing court's application of the Sentencing Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). Under U.S. Sentencing Guidelines Manual § 5G1.3(d) (2016), a district court is afforded discretion to run the sentence concurrent to an earlier sentence if doing so would "achieve a reasonable punishment." *Id.* However, the commentary recommends that the federal sentence be imposed consecutive, and not concurrent, to any state probation revocation sentence. *Id.* cmt. n.4(C). As the district court noted, Lingard's state sentence was the result of the revocation of his probation; because Lingard was serving a state revocation sentence, the district court did not err in refusing Lingard's request for a downward variance.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. To the extent counsel challenges the reasonableness of Lingard's sentence, we conclude that the district court did not procedurally err in imposing Lingard's sentence and that Lingard fails to rebut the presumption that his within-Guidelines sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017).

We therefore affirm the district court's judgment. This court requires that counsel inform Lingard, in writing, of the right to petition the Supreme Court of the United States for further review. If Lingard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lingard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*